IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*


RICHARD L. HARRIS,                      *

     Plaintiff,                              *

v.                                      *          Case No.: 8:18-cv-03968-PWG

ALEX AZAR, SECRETARY,                   *
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,              *

     Defendant.                              *


\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER

Richard L. Harris ("Mr. Harris") filed this lawsuit against Alex Azar ("Secretary Azar"), Secretary, United States Department of Health and Human Services, pursuant to Title VII of the Civil Rights Act of 1964, alleging he was discriminated against because of his race when he was denied restoration of his unused leave. Am. Compl. ¶ 30, ECF No. 23. Secretary Azar has filed a motion to dismiss, contending that Mr. Harris has not adequately pled that he suffered an adverse employment action. Def.'s Mem. 1, ECF No. 26. Alternatively, Secretary Azar seeks summary judgment, contending that Mr. Harris has not demonstrated that the legitimate, non-discriminatory reason Secretary Azar gave for denying Mr. Harris's restoration request was a pretext for racial discrimination. *Id.* For the reasons that follow, I will grant both the motion to dismiss and the motion for summary judgment.

## FACTUAL BACKGROUND

Mr. Harris is an African-American male who was employed as a GS-11 accountant by the Office of the Secretary of the Department of Health and Human Services ("HHS"). Am. Compl. ¶ 6. As a federal employee, Mr. Harris was permitted to transfer leave he accumulated to other qualified employees under the Voluntary Leave Transfer Program ("VLTP"). *Id.* ¶ 8. To participate in this program, HHS employees use the computerized Integrated Time and Attendance System ("ITAS") and select the intended donee employee and input the amount of leave the donor employee intends to donate. *Id.* ¶ 9. If the donee is not an HHS employee, the donor "may be required to complete an additional form," to successfully donate their leave through VLTP. *Id.* ¶ 9. If the donee does not use the donated leave, the unused leave is returned to the donor's leave balance. *Id.* ¶ 10; 5 C.F.R. § 630.911.

From 2000 to 2010, Mr. Harris attempted to donate "about 524 hours" of leave to his step-sister. Am. Compl. ¶ 13. Mr. Harris's step-sister worked at the National Aeronautics and Space Administration ("NASA"), and she was listed as a qualified employee on ITAS. *Id.* ¶ 12. However, Mr. Harris did not fill out the additional form that was necessary to donate leave to a non-HHS employee.[1] Mr. Harris's step-sister did not receive the donated leave from Mr. Harris. *Id.* ¶ 15. After learning this, Mr. Harris requested an audit of his account, which revealed that 1117 hours of his leave had been forfeited. *Id.* ¶ 16.

---

[1] Mr. Harris did not allege in his complaint that he failed to complete an additional form. However, Secretary Azar argues that Mr. Harris did not complete an additional form and supports this assertion with an affidavit from Mr. Buck, the customer service advocate who performed an audit of Mr. Harris's time and attendance records. Def.'s Mem. 3; Buck Aff. 2-3, ECF No. 26-4. Mr. Harris does not dispute his failure to complete the form, so this Court may consider this fact in ruling on the motion for summary judgment. *United States v. 152 Char-Nor Manor Boulevard, Chestertown*, 114 F.3d 1178, 1997 WL 311527 at *2 (4th Cir. 1997) (unpublished table decision) (affirming the district court's grant of summary judgment when the district court relied only on undisputed facts in making its ruling). Mr. Harris does dispute that its completion was a requirement for leave donation, but for reasons discussed below, this dispute is neither genuine nor material.

Mr. Harris submitted a request for leave restoration so that leave he did not use could be return to his leave balance. Mr. Darracott, Mr. Harris's supervisor and a white male, denied Mr. Harris's request. *Id.* ¶ 17. One of the reasons Mr. Darracott cited in his letter denying Mr. Harris's request was Mr. Harris's failure to complete additional forms that are necessary for donations to non-HHS employees. *Id.* ¶ 19.

Mr. Harris alleges this denial was motivated by racial discrimination. *Id.* ¶ 30. Mr. Harris alleges he suffered a financial loss due to the denial of his restoration request (*id.* ¶ 21), that other similarly situated white employees have had their leave restored under similar circumstances (naming three employees, one of whom is Mr. Darracott) (*id.* ¶ 25), that Mr. Darracott's letter denying the request included factual inaccuracies and inconsistent explanations (*id.* ¶ 18), and that he has "had a contentious relationship with management generally," resulting in attacks on his character that did not happen to other similarly situated white employees. *Id.* ¶¶ 22, 24.

Mr. Harris filed this lawsuit against Secretary Azar asserting that he was unlawfully discriminated against because of his race when Mr. Darracott denied his request for leave restoration, without cause or justification, in violation of Title VII of the Civil Rights Act of 1964. *Id.* ¶ 30. Secretary Azar seeks to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mem. 1. Alternatively, he has moved this Court to grant him summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. *Id.* The parties have fully briefed their arguments. *See* ECF Nos. 26, 32, 33. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018). Because Mr. Harris has not alleged facts sufficient to allow a reasonable trier of fact to find he suffered an adverse employment action, the motion to dismiss is granted. Alternatively, because there is no genuine dispute of material fact and because Secretary Azar has presented a legitimate, nondiscriminatory reason for Mr. Darracott's denial and Mr. Harris has not

shown that this reason was just a pretext for discrimination, the motion for summary judgment is granted.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it fails "to state a claim upon which relief can be granted." A motion pursuant to this rule "tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome the motion, the "complaint 'must contain sufficient facts to state a claim that is plausible on its face.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). The court, in reviewing the motion, "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't*, 684 F.3d at 467 (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Additionally, "[a] court passing on a motion to dismiss may consider attachments to a complaint or the motion to dismiss if 'integral to the complaint and authentic.'" *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016).

Federal Rule of Civil Procedure 56(a) provides for the judgment in favor of the movant "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Only factual disputes that "might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the factual dispute must be genuine to defeat a motion for summary judgment, in that "the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *Id.*; *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record. . . a court should not adopt that version."). It is the nonmoving party's burden to confront a motion for summary judgment with affirmative evidence to show that a genuine dispute of material fact exists. *Anderson*, 477 U.S. at 256. A plaintiff nonmovant, "to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.*

## DISCUSSION

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish discriminatory intent either by direct or circumstantial evidence, or a plaintiff may "proceed under a 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination or retaliation, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill v. Lockheed Martin Logistics, Mgt., Inc.*, 354 F.3d 277, 287 (4th Cir. 2004) (en banc), *abrogated on other grounds by Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167 (2009).

Here, Mr. Harris's complaint does not allege any direct evidence of discrimination and therefore for his claim to succeed he must rely on the pretext framework. Secretary Azar seeks to dismiss, arguing that Mr. Harris has not alleged facts sufficient to enable a reasonable trier of fact to find that he has establishing a prima facie case of discrimination, namely that he has suffered an adverse employment action. Def.'s Mem. 9. Secretary Azar also seeks summary judgment in his favor, arguing that Mr. Harris has not come forward with evidence that would allow a

reasonable fact finder to find that Secretary Azar's proffered reason for the action was false and that the real reason for the action was discrimination. *Id.* at 16-17. I agree with both of Mr. Azar's arguments and address them in turn.

**Mr. Harris has not alleged that he has suffered an adverse employment action**

The Secretary characterizes Mr. Harris's discrimination claim as one of disparate *impact,* requiring him to allege (in his complaint) and demonstrate (in response to a summary judgment motion) that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) similarly situated people outside of the protected class were treated more favorably. Def.'s Mem 8-9 (citing, *inter alia*, *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006)). But Mr. Harris insists that he has asserted a disparate *treatment* claim, requiring him to prove that (1) he was a member of of a statutorily protected group; (2) he suffered an adverse employment action; (3) under circumstances giving rise to an inference of discrimination. Pl.'s Opp. 6, ECF No. 32 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). I need not decide whether Mr. Harris's claim is one for disparate impact or disparate treatment, because both of these claims require the plaintiff to allege (in order to state a claim) and demonstrate (in the face of a motion for summary judgment) that he suffered an adverse employment action. And, as stated below, because I find that he has failed to do so, the Defendant's alternative motions must be granted.

At the motion to dismiss stage, Mr. Harris is not required to "to plead facts that *constitute* a prima facie case." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (emphasis added). However, his "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Secretary Azar

argues that Mr. Harris has not alleged facts from which a reasonable fact finder could conclude that he has suffered an adverse employment action. I agree.

For an employee to establish that they suffered an adverse employment action in the form of a denial of a benefit, courts require that the employee allege that they were eligible for the benefit. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649-50 (4th Cir. 2002) (requiring plaintiff employee to show he was eligible for the training he was denied to survive a motion for summary judgment on his denial of training claim); *Gbenoba v. Montgomery Cty. Dept. of Health and Human Services*, 2005 WL 1490008 at *8 (D. Md. June 23, 2005) (requiring plaintiff employee to show that he was eligible for leave to establish that he suffered an adverse action in the form of retaliatory denial of leave). In an analogous case, the Fourth Circuit affirmed a district court's grant of summary judgment to a defendant employer because the plaintiff employee failed to meet the second element of establishing a prima facie case—that the employer took a materially adverse action against the employee. *Pueschel v. Peters*, 340 Fed. App'x 858, 861 (4th Cir. 2009). There, the plaintiff brought a retaliation claim against the employer, arguing that because the employer refused to assist her in the compilation of information necessary to apply for buy-back leave, she was unable to apply for buy-back leave. *Id.* The Fourth Circuit held that the plaintiff did not establish that she suffered an adverse employment action because:

> To begin, Pueschel does not cite any statute, policy, or regulation to indicate that she is entitled to the type of detailed assistance she requested. Further, there is no indication that Pueschel was entitled to buy-back leave.

*Id.*

The same is true here. Mr. Harris argues that he has a legal right to restoration of his leave pursuant to 5 C.F.R. § 630.911 and the "NTEU collective bargaining agreement." Am. Compl. ¶ 14. However, Mr. Harris alleges two facts fatal to his claim: (1) his step-sister never received his donated leave (*id.* ¶ 15); and (2) his leave was forfeited. (*id.* ¶ 16). 5 C.F.R. § 630.911 only

provides for restoration of *transferred* annual leave. Because Mr. Harris's leave was never actually transferred to his step-sister, and was instead forfeited, 5 C.F.R. § 630.911 does not confer upon him a legal right to leave restoration. Furthermore, the NTEU collective bargaining agreement, attached as an exhibit to the motion to dismiss, similarly only provides for leave restoration if the leave was transferred and unused by the donee. Bargaining Agreement 2 §§ 8-9, ECF No. 26-8; *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582 at *2 (D. Md. Mar. 28 2013) ("The court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed."). Mr. Harris argues that *Pueschel* is irrelevant here because in that case the court was reviewing a motion for summary judgment. Pl.'s Opp. 7. While the *Pueschel* case was in a different procedural posture, its guidance is relevant because the issue here is one of law not fact—whether the laws and policies cited by Mr. Harris make him eligible for restoration of his admittedly forfeited leave. The answer is no. Therefore, he has not alleged facts from which a reasonable fact finder could conclude that he has suffered an adverse employment action and the motion to dismiss is granted.

### Mr. Harris has not produced any evidence from which a reasonable fact finder could conclude that Mr. Darracott's reasons for denying Mr. Harris's request were pretextual and untrue

Under the pretext framework, after a plaintiff establishes a prima facie case of discrimination, the plaintiff enjoys "a presumption that the employer unlawfully discriminated against the employee." *Texas Dpmt. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The burden then shifts "to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp.*, 411 U.S. at 802. This burden is one of production that the defendant employer meets when he clearly sets forth, "through the introduction of admissible evidence, the reason for the plaintiff's rejection." *Burdine*, 450 U.S. at 255. If the

defendant meets this burden of production, "the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity." *Id.* The plaintiff, to succeed, must then prove that "the legitimate reasons offered by the agency were not its true reasons, but were a pretext for discrimination." *Id.* at 253. "It is not enough. . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993)) (emphasis in original). For Mr. Harris to meet this burden at the motion for summary judgment stage, he "must have developed some evidence on which a juror could reasonably base a finding that discrimination motivated the challenged employment action." *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004). Mr. Harris has not met this burden because he has not put forth any admissible evidence upon which a reasonable fact finder could conclude that Secretary Azar's legitimate, non-discriminatory reasons for denying Mr. Harris's request for leave restoration are really a pretext for race discrimination.

In his motion for summary judgment, Secretary Azar has submitted facts that demonstrate the legitimate, nondiscriminatory reasons for Mr. Darracott's denial of Mr. Harris's request for restoration.2 In 2011, Mr. Harris requested an audit of his leave balance and requested that any

---

2 Most facts that Secretary Azar relies on in his motion are not disputed by Mr. Harris and are substantiated by affidavits, the audit of Mr. Harris's leave account, and the letter written by Mr. Darracott denying Mr. Harris's request for restoration. I will consider these facts in my ruling and will note when a fact is disputed by Mr. Harris. Fed. R. Civ. P. 56(a), (c)(1)(A) (dictating that summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). I note in passing that both Mr. Harris and Secretary Azar rely on "affidavits" attached to their briefing, which evidently were prepared in connection with the EEO investigation of Mr. Harris's complaint. These "affidavits" were "received by" (but not sworn before) Mr. Leon Belt, a "contract EEO investigator," and were signed by the "affiants" as "true, complete, and correct to the best of my knowledge and belief." Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support

unused leave that was transferred be restored to his leave account. Def.'s Mem. 3. Mr. Buck, a customer service advocate, conducted the audit that revealed Mr. Harris's step-sister never received any leave that Mr. Harris attempted to donate. Audit 1, ECF No. 26-5. According to Mr. Buck, the audit revealed that the reasons the attempted donations were unsuccessful were two-fold: (1) Mr. Harris never completed the paperwork necessary to donate leave to a non-HHS employee; and (2) Mr. Harris's step-sister stopped qualifying as a donee in the early 2000's. Buck Aff. 3. Because the leave was never transferred to Mr. Harris's step-sister, Mr. Buck explained that the leave was "never deducted" from Mr. Harris's account. *Id.* at 3-4. Further, because Mr. Harris did not use the leave himself, it was forfeited pursuant to HHS's "use or lose" policy, codified in 5 U.S.C. § 6304(a) (providing that only accumulated unused annual leave totaling 30 days is available for use in succeeding years). Mr. Darracott explained, in his letter, that Mr. Harris did not have any leave that was eligible for restoration because any leave that he tried to donate was never transferred and therefore was never deducted from his account. Darracott Letter 1-3. As a result, when Mr. Harris did not use the leave, it was forfeited by operation of law. *Id.* Therefore, Secretary Azar has met his burden of production by clearly setting forth "through the introduction of admissible evidence, the reason for the plaintiff's rejection." *Burdine*, 450 U.S. at 255.

or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The rule requires recitation of facts based on the affiant's knowledge, not "belief." Neither do the affidavits demonstrate that the affiants are competent to testify, and they were unsworn. Despite their deficiencies, however, I will consider them in connection with ruling on the summary judgment motion, because both parties relied on them, and even though technically deficient, they appear to contain facts that could be made admissible in evidence if properly sworn and based on personal knowledge.

Mr. Harris has not met his burden of developing evidence from which a reasonable fact finder could conclude that the reason Mr. Darracott denied his request for restoration was untrue and a pretext for race discrimination. Mr. Harris argues the justifications in Mr. Darracott's letter were pretextual because: (1) Mr. Darracott did not provide the opinion from General Counsel that Mr. Darracott (represented in his letter) that he relied upon in making his determination; and (2) Mr. Darracott never cited to any written policy requiring HHS employees to submit additional paperwork to donate leave to non-HHS employees. Pl.'s Opp. 10. Mr. Harris argues that these two issues raise a genuine issue of material fact that requires this Court to deny Secretary Azar's motion for summary judgment. I disagree.

Neither of the grounds that Mr. Harris raises, even if true, are relevant to the merit of Mr. Darracott's justifications; Mr. Harris does not dispute that his leave was forfeited at the time that Mr. Darracott denied Mr. Harris's request for restoration. *Hux v. City of Newport News, Va.*, 451 F.3d 311, 315 (4th Cir. 2006) ("Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it. The former would not create a 'genuine' dispute, the latter would fail to be 'material.'") Therefore, Mr. Darracott's ultimate justification for denying Mr. Harris's request— that there was no unused leave in any donee's account that he could restore to Mr. Harris's account—remains unrebutted and Mr. Harris's disputes are not material. Additionally, Mr. Harris's attempt to make a dispute of material fact by arguing that the requirement of completing additional forms to donate leave to a non-HHS employee does not exist is not genuine considering that his own allegations in the complaint belie this argument. Am. Compl. ¶ 9 (alleging that donors "may be required to complete an additional form" to donate leave to a non-HHS employee).

## CONCLUSION

In sum, Mr. Harris has not alleged facts from which a reasonable trier of fact could conclude that he suffered an adverse employment action. Therefore, I grant the motion to dismiss, with prejudice. Additionally, Mr. Harris has not presented any evidence from which a reasonable fact finder could conclude that Secretary Azar's legitimate and non-discriminatory reasons for denying Mr. Harris's leave restoration request were false or pretextual. Therefore, I grant the motion for summary judgment.

## ORDER

Accordingly, on this twenty fourth day of March, Secretary Azar's Motion to Dismiss, ECF No. 26, IS GRANTED, with prejudice, and his Motion for Summary Judgement, ECF No. 26, also IS GRANTED.

```
_____/S/_____
```
Paul W. Grimm
United States District Judge